# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**CLYDE E. WALLACE**                               **PETITIONER**

**v.**                **NO. 4:21-cv-00251 JM-PSH**

**DEXTER PAYNE**                                  **RESPONDENT**

### FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

The record reflects that on January 29, 2018, petitioner Clyde E. Wallace ("Wallace") entered a negotiated plea of guilty in Garland County Circuit Court to second-degree sexual assault. See Docket Entry 8, Exhibit 1. A Sentencing Order was filed by the Garland County Circuit Court Clerk on February 1, 2018. See Docket Entry 8, Exhibit 2.

Wallace thereafter began a series of post-conviction proceedings. Respondent Dexter Payne ("Payne") summarized the proceedings and their resolution. The summary is adopted and is as follows:

> On September 14, 2018, Wallace filed a Rule 37 petition in Garland County Circuit Court. See ... Respondent's Exhibit 4. The court dismissed Wallace's petition as untimely because it was not filed within 90 days of the entry of the sentencing order on February 1, 2018. See ... Respondent's Exhibit 5. No appeal was taken.
>
> Wallace subsequently filed a motion to withdraw his guilty plea on March 8, 2019, [see] Respondent's Exhibit 6, which was denied by the Garland County Circuit Court in an Order filed on March 26, 2019. See ... Respondent's Exhibit 7. Wallace failed to perfect an appeal of the court's denial. See Notice of Appeal and Letter from Clerk ... Respondent's Exhibit 8.

See Docket Entry 8 at CM/ECF 2. Following the denial of Wallace's first motion to withdraw his guilty plea, he filed the following:

> ... Wallace attempted to appeal his conviction by filing a notice of appeal in the circuit court on August 20, 2019; however, the Arkansas Supreme Court Clerk refused to lodge the record on appeal as it was filed over 18 months after the sentencing order was entered. See Notice of Appeal and Letter from Clerk ... Respondent's Exhibit 3.
>
> ...
>
> Wallace filed a second motion to withdraw his guilty plea on January 31, 2020, which was denied by the Garland County Circuit Court in an Order filed on February 3, 2020. ... [See] Respondent's Exhibit 9. ... Wallace then appealed the court's denial of his second motion to withdraw. ... [See] Respondent's Exhibit 10. In an opinion delivered on December 2, 2020, the Arkansas Court of Appeals dismissed Wallace's appeal holding that the circuit court correctly denied his motion, treating it as an untimely petition for post-conviction relief under Rule 37. See Wallace v. State, 2020 Ark. App. 537, ... Respondent's Exhibit 11. Wallace filed a motion asking the Arkansas Court of Appeals to reconsider its dismissal and the State responded. See ... Respondent's Exhibit 12. The court of appeals denied Wallace's motion in an order dated January 13, 2021, and the formal mandate issued on January 26, [2021]. See ... Respondent's Exhibit 13.

See Docket Entry 8 at CM/ECF 1-3.

On March 28, 2021, Wallace signed the petition at bar, one for a writ of habeas corpus pursuant to 28 U.S.C. 2254. He represented that he placed the petition in the prison mailing system the following day, and the record reflects that the Clerk of the Court filed the petition on March 31, 2021. In the petition, Wallace challenged the voluntariness of his guilty plea.

Payne responded to Wallace's petition by filing the pending motion to dismiss. See Docket Entry 7. In the motion, Payne maintained that the petition should be dismissed because it is barred by the applicable statute of limitations. It was Payne's contention that "Wallace did not file [his petition] within one year of the date his conviction became final, and he is not entitled to statutory or equitable tolling." See Docket Entry 7 at CM/ECF 2.

Wallace then filed a response to Payne's motion to dismiss. In the response and an accompanying memorandum, Wallace maintained that he was not informed about, and otherwise lacked the knowledge to pursue, his post-sentencing rights. He alternatively maintained that he is the victim of a manifest injustice and is actually innocent.

The undersigned has thoroughly reviewed the parties' pleadings and exhibits. For the reasons that follow, the undersigned recommends that Wallace's petition be dismissed.

A state prisoner has one year during which he may file a petition pursuant to 28 U.S.C. 2254. If he does not file his petition within that one-year period, excluding any applicable periods for tolling the one-year period, the petition is barred. 28 U.S.C. 2244(d) provides that the one-year period begins from the latest of one of four dates or events.

Payne maintains that the applicable limitations period is the one found at 28 U.S.C. 2244(d)(1)(A), which provides that the one-year period begins on the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. Payne maintains that the one-year period began on March 6, 2018, or thirty-three days after the Sentencing Order was filed, and concluded on March 5, 2019.[1]

Payne's position has merit and is adopted. The applicable limitations period is the one found at 28 U.S.C. 2244(d)(1)(A). The one-year period for filing a petition pursuant to 28 U.S.C. 2254 began on March 6, 2018, and Wallace had up to, and including March 5, 2019, to file a timely petition. He acknowledges, though, that he waited until March 29, 2021, to place the petition at bar in the prison mailing system. As a result, the petition is untimely. The only question is whether there is some reason for tolling the one-year period or otherwise excusing the untimely filing of his petition.

---

[1] Arkansas Rule of Appellate Procedure-Criminal 1(a) generally precludes an appeal following a plea of guilty, although there are exceptions to the Rule. See Canada v. State, 2014 Ark. 336, 439 S.W.3d 42 (2014). Arkansas Rule of Appellate Procedure-Criminal 2(a)(1) provides that a notice of appeal must be filed within thirty days of "the date of entry of a judgment or uniform sentencing order." The Sentencing Order in this case was filed on February 1, 2018, and Wallace had thirty days within which to seek limited direct review. As Payne correctly notes, though, the thirtieth day fell on Saturday, March 3, 2018. As a result, Wallace had until Monday, March 5, 2018, to seek limited direct review. He filed nothing during the thirty-three day period.

28 U.S.C. 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review is pending shall not be counted toward any period of limitation. Although Wallace filed a series of post-conviction proceedings in state court, the time during which they were pending did nothing to toll the one-year period that began on March 6, 2018, and concluded on March 5, 2019.

On September 14, 2018, or within the one-year period, Wallace filed a state trial court petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37 ("Rule 37"). The state trial court dismissed the petition, finding that it was untimely as it was not filed within ninety days of the Sentencing Order.[2] Wallace did not appeal the dismissal of his petition. Because the petition was untimely under state law, it was not "properly filed" for purposes of 28 U.S.C. 2244(d)(1) and did nothing to toll the one-year period that began on March 6, 2018, and concluded on March 5, 2019. See Dixon v. Payne, No. 4:20-cv-01402-BD, 2021 WL 970239 (E.D.Ark. 2021) (Deere, M.J.) (if post-conviction petition is untimely under state law, petition not "properly filed").

---

[2] Arkansas Rule of Criminal Procedure 37.2(c)(i) provides, in part, that if a conviction was obtained on a plea of guilty, "a petition claiming relief under this rule must be filed in the appropriate circuit court within ninety (90) days of the date of entry of judgment."

Wallace thereafter began three other post-conviction proceedings by filing the following: (1) a March 8, 2019, state trial court motion to withdraw his guilty plea; (2) an August 20, 2019, notice of appeal in the state trial court in an attempt to appeal his plea and sentence; and (3) a January 31, 2020, state trial court motion to withdraw his guilty plea. The motions and notice of appeal were untimely under state law and therefore not "properly filed" for purposes of 28 U.S.C. 2244(d)(1). They did nothing to toll the one-year period that began on March 6, 2018, and concluded on March 5, 2019.[3]

---

[3] Although Wallace filed the March 8, 2019, motion and the January 31, 2020, motion as motions to withdraw his guilty plea, Arkansas law is clear that the motions were petitions pursuant to Rule 37. As the Arkansas Court of Appeals noted in affirming the denial of the second motion, "[i]f the defendant is in custody, a motion to withdraw a plea filed after entry of judgment will be treated as a postconviction motion under Arkansas Rule of Criminal Procedure 37." See Wallace v. State, 2020 Ark. App. 537, 1.

Wallace filed his first state trial court motion to withdraw his guilty plea on March 8, 2019, but represents that he signed it on February 13, 2019, or within the one-year period. See Docket Entry 8, Exhibit 6 at CM/ECF 9. He made no representation, though, as to when he placed the motion in the prison mailing system. The state trial court denied the motion on March 26, 2019, but gave no reason for doing so. See Docket Entry 8, Exhibit 7. Wallace did not appeal the denial of the motion.

"In the absence of a 'clear indication' from the state courts that a particular request for state post-conviction review was timely or untimely, a federal habeas court must independently examine the timeliness issue." See Thomas v. Norris, No. 5:09-cv-00064-SWW, 2009 WL 2151777, 4 (E.D.Ark. 2009) (Wright, J.) [quoting Evans v. Chavis, 546 U.S. 189, 198 (2006)]. It is not possible to know when Wallace place the motion in the prison mailing system and whether he might benefit from the Arkansas prison mailbox rule codified in Arkansas Rule of Criminal Procedure 37.2(g). The answers to those questions are ultimately of no significance, though, because even if the motion were deemed to have been filed on the day it was signed, i.e., February 13, 2019, the motion was untimely as it was not filed within ninety days of the Sentencing Order.

Although 28 U.S.C. 2244(d)(2) affords Wallace no benefit, the one-year period may be equitably tolled. The parameters of the equitable tolling doctrine are as follows:

> "Equitable tolling ... asks whether federal courts may excuse a petitioner's failure to comply with federal timing rules, an inquiry that does not implicate a state court's interpretation of state law." ... "[E]quitable tolling affords the otherwise time-barred petitioner an exceedingly narrow window of relief. ..." ... "The one-year statute of limitations may be equitably tolled 'only if [the movant] shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.' ...

See Gordon v. Arkansas, 823 F.3d 1188, 1195 (8th Cir. 2016) [citations and italics omitted].

Here, equitable tolling is not warranted as Wallace has not shown that an extraordinary circumstance stood in his way and prevented him from filing a timely petition. He has known of three of the four claims at bar since his guilty plea. Although it is not clear when he learned of his fourth claim, a claim involving an alleged falsified police report, it is of no consequence as the claim is not cognizable in this proceeding.[4]

---

[4] The undersigned so finds for two reasons. First, when Wallace pleaded guilty, he waived his right to challenge the police report. See United States v. Limley, 510 F.3d 825 (8th Cir. 2007) (guilty plea waives all non-jurisdiction defects). Second, he was afforded an opportunity for full and fair litigation of the claim in state court, and the claim is not cognizable in this proceeding. See Stone v. Powell, 428 U.S. 465 (1976).

Wallace maintains that the untimely filing of the petition at bar should be excused because he was not informed about, and otherwise lacked the knowledge to pursue, his post-conviction rights. "Typically, a petitioner's pro se status, lack of legal knowledge or legal resources, and confusion about, or miscalculation of, the limitations period are not deemed extraordinary circumstances that warrant equitable tolling." See Goston v. Payne, No. 4:20-cv-00772-BD, 2020 WL 5201273, 2 (E.D.Ark. 2020) (Deere, M.J.), report and recommendation adopted, 2020 WL 5143748 (E.D.Ark. 2020) (Marshall, J.). The undersigned is not persuaded that Wallace is entitled to the benefit of equitable tolling based on his lack of legal knowledge. He acknowledged in open court that he attended school until the eleventh grade, and his ability to read, write, and understand the English language is "fair." See Docket Entry 8, Exhibit 1 at CM/ECF 6-7. Moreover, a review of the record indicates that his knowledge of legal proceedings may not be as limited as he alleges.

Notwithstanding the foregoing, a showing of actual innocence may excuse the untimely filing of a petition pursuant to 28 U.S.C. 2254. See McQuiggin v. Perkins, 569 U.S. 383 (2013). "The actual innocence exception is demanding and seldom met and 'tenable actual-innocence gateway pleas are rare.'" See Story v. Kelley, 2018 WL 3193807, 1 (E.D. Ark. 2018) (Baker,

9

J.) [quoting <u>McQuiggin v. Perkins</u>, 569 U.S. 386-87]. "A petitioner 'does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" <u>See</u> <u>Id</u>. [quoting <u>Schlup v. Delo</u>, 513 U.S. 298, 329 (1995)].

The actual innocence gateway affords Wallace no benefit. He has offered little new evidence suggesting that he is innocent. He appears to simply argue the evidence the State was prepared to offer at trial. He cannot show that, in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

In conclusion, Wallace's petition is untimely, and there is no reason for tolling the one-year period or otherwise excusing the untimely filing of his petition. Payne's motion to dismiss should be granted, <u>see</u> Docket Entry 7, and Wallace's petition should be dismissed. All requested relief should be denied, and judgment should be entered for Payne.

DATED this 8th day of July, 2021.

_____
UNITED STATES MAGISTRATE JUDGE